ROTHENBERG, J.
Christianne Harris (“Harris”) appeals the denial of her motion for attorney’s fees. Upon the appellees’ proper confession of error, we reverse and remand for further proceedings consistent with this opinion.
In April 2007, the appellees, Paul Sweeney, Inc., and Global Disaster Recovery, Inc., (collectively, “the Plaintiffs”), filed a complaint against WPC Industrial Contractors (“WPC”) and Harris, alleging that they had not been paid for emergency repairs and salvage work performed at Harris’ home, pursuant to a contract between the Plaintiffs and WPC. As to Harris, the complaint asserted a claim for quantum meruit.
In October 2007, Harris filed a motion to dismiss, and on December 12, 2007, Harris filed a motion for attorney’s fees pursuant to section 57.105, Florida Statutes (2007), based on the same arguments raised in her motion to dismiss. WPC and the Plaintiffs settled, and on December 4, 2008, the Plaintiffs filed notices of voluntary dismissal as to WPC and Harris. As a result of the voluntary dismissals, Harris’ motion to dismiss was never heard. Thereafter, Harris scheduled a hearing to obtain a ruling on her motion for attorney’s fees.
At the hearing, the trial court stated that it could not locate Harris’ motion for attorney’s fees. Although the Plaintiffs’ counsel acknowledged in open court that he had received a copy of the motion, the trial court, relying solely on Harris’ motion to dismiss, which did not contain a prayer for fees, denied Harris’ motion for attorney’s fees. The trial court concluded that because Harris had not pled her entitlement to attorney’s fees and the Plaintiffs did not acquiesce to Harris’ claim, Harris’ claim for attorney’s fees was waived. Harris promptly filed a motion for rehearing and reconsideration. Although Harris attached a copy of the docket sheet reflecting that the motion for attorney’s fees had in fact been filed on December 12, 2007, the trial court denied the motion for rehearing and reconsideration. Harris’ appeal follows.
The Plaintiffs acknowledge that because Harris filed a timely motion for attorney’s fees, the trial court abused its discretion by denying Harris’ motion for attorney’s fees on the basis that Harris never made a claim for attorney’s fees. The Plaintiffs, however, request that this Court affirm the denial of Harris’ motion for attorney’s fees by applying the tipsy coachman doctrine,[1] arguing that the case law Harris relies on cannot support an award of attorney’s fees. To make such a finding, however, would require this Court to make findings of fact, which this Court is not free to do. Accordingly, we reverse the order under review and remand for fur *833 ther proceedings consistent with this opinion.
Reversed and remanded.

. See Dade County Sch. Bd, v. Radio Station WQBA, 731 So.2d 638, 644 (Fla.1999) ("[I]f a trial court reaches the right result, but for the wrong reasons, it will be upheld if there is any basis which would support the judgment in the record.”).